UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MID CENTRAL OPERATING ENGINEERS )
HEALTH AND WELFARE FUND, )
STEPHEN SCOTT Trustee, )
 )
               Plaintiffs, )
 )
               v. )     No. 2:25-cv-00291-JPH-MKK
 )
SOLAR FOUNDATIONS LIMITED )
LIABILITY COMPANY Clerk's Entry of )
Default entered on 2/10/2026, )
 )
               Defendant. )

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

In June 2025, Plaintiffs filed a complaint against Defendant Solar Foundations Limited Liability Company, seeking damages for unpaid employer contributions.  Dkt. 1.  Defendants have not responded or defended this case.  On February 10, 2026, clerk's entry of default was entered against Solar Foundations.  Dkt. 13.  Plaintiffs have filed a motion for default judgment.  Dkt. [14].  For the reasons that follow, that motion is **GRANTED**.

**A.    Liability**

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment.  *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016).  First, the plaintiff must obtain an entry of default from the Clerk.  Fed. R. Civ. P. 55(a).  Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true.  *VLM Food,*

1

811 F.3d at 255.  Second, after obtaining entry of default, the plaintiff may seek a default judgment.  Fed. R. Civ. P. 55(b).

Here, an entry of default was entered against Solar Foundations, dkt. 13, and Plaintiffs seek default judgment.  The allegations in the complaint, when taken as true, establish liability, so the Court must determine damages.  *See* Fed. R. Civ. P. 55(b).

### B.    Damages

While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).  A hearing is therefore required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."  *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

Here, Plaintiffs seek unpaid contributions, liquidated damages, interest, and attorney fees and costs.  Dkt. 14 at 1.  Their damages can be calculated from definite figures in Plaintiffs' evidence, so a hearing is unnecessary.  *See e360 Insight*, 500 F.3d at 602.

### 1. Unpaid contributions, interest, and liquidated damages

Under 29 U.S.C. § 1132(g)(2), the Court shall award unpaid contributions, interest, and liquidated damages "not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount" of unpaid contributions.  29 U.S.C. § 1132(g)(2)(A)–(C).

2

Plaintiffs request $23,010.62 in unpaid contributions, interest, and liquidated damages. Dkt. 14 at 1. In support, they have provided an affidavit from Jackie Ellinger, the plaintiff fund's bookkeeping supervisor. Dkt. 14-1. That affidavit explains the unpaid contributions based on "Defendant's account and the contribution reports that have been submitted by it." *Id.* at 2. It also explains that the Trust Agreements impose 9% interest per annum and that the Trustees "have directed that delinquent employers pay liquidated damages of 15% on all delinquent contributions." *Id.* Ms. Ellinger's affidavit is supported with a spreadsheet itemizing and totaling the requested damages. Dkt. 14-1 at 5.

Those uncontested supporting exhibits are enough to support Plaintiffs' damages requests. *See e360 Insight*, 500 F.3d at 602. They are therefore entitled to $23,010.62 in unpaid contributions, interest, and liquidated damages.

### 2. Attorney fees and costs

Under 29 U.S.C. § 1132(g)(2)(D), the Court shall award "reasonable attorney's fees and costs of the action, to be paid by the defendant." Attorney fees awards are in the sound discretion of the district court, but the Court "must demonstrate that it has considered the proportionality of attorneys' fees to the total damage award" and must explain the hourly rate used. *Moriarity ex rel. Local Union No. 727 v. Svec*, 429 F.3d 710, 717 (7th Cir. 2005).

Plaintiffs request $4,461.75 in attorney fees and costs. Dkt. 14 at 1. In support, they have provided a declaration from Plaintiffs' counsel Daniel

Bowman explaining that he charges $230.00 per hour and expended 758.75 in costs. Dkt. 13-2. Mr. Bowman's declaration shows that the hourly rate charged is reasonable and that the requested $4,461.75 is reasonable and justified by the facts of this case and is proportional to the total damages award. *See Moriarity*, 429 F.3d at 717.

### C. Conclusion

Plaintiffs' motion for default judgment is **GRANTED**. Dkt. [14]. They are entitled to unpaid contributions, liquidated damages, attorney fees and costs, and interest totaling $27,472.37. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 4/17/2026

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

Solar Foundations Limited Liability Company
c/o William J. Hancock, Registered Agent
1409 Doughty Road, Egg Harbor Twp, NJ 08234